IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS A. SEIPLE** <br> *Plaintiff* <br>      **v.** <br><br> **WINNEBAGO INDUSTRIES, INC. and GENERAL RV CENTER (WEST CHESTER),** <br> *Defendants*. | **CIVIL ACTION** <br><br> **NO. 26-2142** |

MEMORANDUM RE: MOTION TO REMAND AND MOTION TO TRANSFER

**Baylson, J.**                                                                                    **July 20, 2026**

## I.    INTRODUCTION

Plaintiff Thomas Seiple purchased a recreational vehicle ("RV") from Defendant General RV Center, Inc. ("Defendant GRV") whereafter Plaintiff alleges that he discovered numerous defects for which he filed this action for breach of implied warranty of merchantability and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). ECF 1, Notice of Removal, Ex. A, "Compl." Presently before the Court is Defendant GRV's Motion to Transfer Venue from this Court to the Eastern District of Michigan, Southern Division, ECF 8 ("Mot. to Transfer,") and Plaintiff's Motion to Remand from this Court to the Delaware County Court of Common Pleas, ECF 10 ("Mot. to Remand"). For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant GRV's Motion to Transfer.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 25, 2024, Plaintiff purchased a 2025 Winnebago Vista 29NP for $163,463 from Defendant GRV in West Chester, Pennsylvania. Compl. ¶ 6. The purchase agreement included a forum selection clause granting courts with jurisdiction over Oakland County, Michigan

1

the exclusive jurisdiction to hear disputes regarding the agreement "or anything having to do with the RV." Mot. to Transfer, Ex. A, "Purchase Agreement." After purchase, Plaintiff allegedly discovered numerous material defects in the RV whereafter Plaintiff returned the RV to Defendant GRV for repairs. Compl. ¶¶ 9–10. Because the defects persisted, Plaintiff sold the vehicle to a third party for $120,000. Compl. ¶¶ 10, 16.

On March 3, 2026, Plaintiff commenced this action in the Court of Common Pleas of Delaware County, Pennsylvania against the RV dealership, Defendant GRV, and the RV manufacturer, Defendant Winnebago Industries, Inc. ("Defendant Winnebago"), alleging breach of implied warranty of merchantability and violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq*. Compl. On April 1, 2026, Defendant GRV filed a Notice of Removal in this Court, based on diversity of citizenship. Notice of Removal. In the Notice of Removal, Defendant GRV stated that "Winnebago Industries consents to the removal of this action." Id. at 2.

On April 7, 2026, Defendant GRV filed a Motion to Transfer Venue from this Court to the United States District Court for the Eastern District of Michigan, Southern Division. Mot. to Transfer. Plaintiff responded on April 21, 2026. ECF 11, "Pl.'s Opp. to Mot. to Transfer." Defendant GRV replied on April 28, 2026. ECF 12, "Def.'s Reply in Support of Mot. to Transfer."

On April 16, 2026, Plaintiff filed a Motion to Remand to the Court of Common Pleas of Delaware County, PA. Mot. to Remand. Defendant GRV responded on April 29, 2026. ECF 13, "Def.'s Opp to Mot. to Remand." Plaintiff replied on May 6, 2026. ECF 14, "Pl.'s Reply in Support of Mot. to Remand."

### III.   MOTION TO REMAND

#### A. <u>Legal Standard</u>

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action.  District courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Remand to state court following removal is appropriate for lack of subject matter jurisdiction or a defect in the removal process.  28 U.S.C. § 1447(c); <u>see</u> <u>also</u> <u>PAS v. Travelers Ins. Co.</u>, 7 F.3d 349, 352 (3d Cir. 1993).  The removing party bears the burden of establishing that removal was proper.  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3rd. 2007).

#### B. <u>Parties' Contentions</u>

Plaintiff argues that the case must be remanded to state court for lack of subject matter jurisdiction because (1) the parties lack complete diversity and (2) the amount in controversy fails to meet the jurisdictional minimum.  Mot. to Remand at 1.  Plaintiff also argues that removal was procedurally defective because Defendant Winnebago failed to submit its written consent to removal to the Court.  <u>Id.</u>

#### 1.  Citizenship of the Parties

Plaintiff and Defendant GRV agree that Plaintiff is a citizen of Pennsylvania; Defendant GRV is incorporated in the state of Michigan; and Defendant Winnebago is a citizen of Iowa. Notice of Removal ¶ 2; Mot. to Remand at 2, 5.  Plaintiff and Defendant GRV dispute whether Defendant GRV is a citizen of Michigan or a citizen of Michigan and Pennsylvania.  <u>Compare</u> Notice of Removal ¶ 2 <u>with</u> Mot. to Remand at 5–6.  Plaintiff argues that Defendant GRV's principal place of business is located in Pennsylvania and Defendant GRV argues its principal

3

place of business is Michigan.  <u>Compare</u> Notice of Removal ¶ 2 <u>with</u> Pl.'s Reply in Support of Mot. to Remand to at 3–4.

## 2. Amount in Controversy

Plaintiff and Defendant GRV agree that the amount in controversy includes the damages pled in the Complaint.  Def.'s Opp to Mot. to Remand at 4; Mot. to Remand at 6–7.  Plaintiff and Defendant GRV dispute whether the mitigated purchase price – the purchase price offset by the mitigation sale – or the trebled mitigated purchase price constitutes the "legally certain" amount in controversy.  <u>Compare</u> Def.'s Opp. to Mot. to Remand at 6 <u>with</u> Mot. to Remand at 8.  Plaintiff argues that the amount in controversy does not include the trebled mitigated purchase price and the amount in controversy falls below the jurisdictional minimum.  Mot. to Remand at 8.  Defendant GRV argues that the amount in controversy includes the trebled mitigated purchase price and the amount in controversy satisfies the jurisdictional minimum.  Def.'s Opp. to Mot. to Remand at 6.

## 3. Rule of Unanimity

Plaintiff and Defendant GRV agree that the rule of unanimity applies to determine whether removal is proper, but dispute whether the rule of unanimity requires Defendant Winnebago to consent to removal to the Court in writing.  <u>Compare</u> Def.'s Opp. to Mot. to Remand at 8–10 <u>with</u> Mot. to Remand at 9–13.  Plaintiff argues that Defendant Winnebago's counsel must file its written consent to removal with the court.  Mot. to Remand at 9–13.  Defendant GRV argues that Defendant GRV may attest to Defendant Winnebago's consent to removal.  Def.'s Opp. to Mot. to Remand at 8–10.

C. **Discussion**

1. **Citizenship of the Parties**

Under 28 U.S.C. § 1332(a), complete diversity of citizenship must exist.  Strawbridge v. Curtiss, 7 U.S. 267 (1806).  A corporation is a citizen of every state in which it is incorporated or maintains its principal place of business.  28 U.S.C. § 1332(c).  A corporation's principal place of business is its "nerve center" from which the corporation's high-level officers direct, control, and coordinate the corporation's activities.  Hertz v. Friend, 559 U.S. 77, 80–81 (2010).  The "nerve center" is typically found where the corporation maintains its headquarters.  Id. at 81.  When challenged, the party asserting the existence of complete diversity has the burden of showing the location of the "nerve center" by "competent proof."  Id. at 96–97.

In his Motion to Remand, Plaintiff challenges Defendant GRV's contention that its principal place of business is located in Michigan.  Mot. to Remand at 5–6.  In Response, Defendant GRV plainly states that "GRV's corporate headquarters is in Wixom, Michigan."  Def.'s Opp. to Mot. to Remand at 1, 4.  Although Defendant GRV did not offer evidence regarding the location of GRV's corporate officers or from where they direct, control, or coordinate the corporation's activities, Plaintiff's two arguments that Defendant GRV's principal place of business is in Pennsylvania fail to overcome the presumption that a corporation's nerve center is typically its headquarters.

First, Plaintiff argues that Defendant GRV's principal place of business is in Pennsylvania because Defendant GRV listed a Harrisburg, Pennsylvania address as the "association's principal office" on a Foreign Registration Statement filed with the Pennsylvania Department of State. Pl.'s Mot. To Remand, Ex. C, "Foreign Registration Statement."  Pennsylvania law requires that out-of-state corporations seeking to do business in Pennsylvania consent to the exercise of

5

general personal jurisdiction by Pennsylvania courts by filing the Foreign Registration Statement (DSCB 15-412) with the Department of State. See 15 Pa. C.S. §411; 42 Pa. C.S.A. § 5301; see also Mallory v. Norfolk S. Ry. Co., 600 U.S. 122 (2023). The address listed by Defendant GRV on a form to consent to personal jurisdiction does not *ipso factor* render Pennsylvania its principal place of business.[1] See Hertz, 559 U.S. at 97 (rejecting suggestions that "the mere filing of a form, like the [SEC's] Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center'").

Second, Plaintiff argues that Defendant GRV's acquisition and continued operation of Stoltzfus Trailer Sales, Inc. ("Stoltzfus"), a Pennsylvania corporation, renders Defendant GRV's principal place of business Pennsylvania rather than Michigan. Mot. to Remand at 5. According to the merger agreement between Defendant GRV and Stoltzfus, Defendant GRV purchased all of the outstanding stock in Stoltzfus in January 2024. Mot. to Remand, Ex. E, "Certificate of Merger." Defendant GRV's acquisition of a Pennsylvania corporation does not render its principal place of business Pennsylvania. Hertz explicitly recognized that a "corporation's 'nerve center,' usually its main headquarters, is a single place" even though its "general business activities more often lack a single principal place." 559 U.S. at 93, 95. Indeed, "the corporation may have several plants, many sales locations, and employees located in many different places." Id. at 95. Here, there is no evidence that Defendant GRV's acquisition of a Pennsylvania dealership changed the location from which it directs its corporate activities as a whole.

Because Plaintiff is a citizen of Pennsylvania, Defendant GRV is a citizen of Michigan, and Defendant Winnebago is a citizen of Iowa, complete diversity exists for purposes of § 1332(a).

---

[1] Plaintiff notes that 15 Pa. C.S. § 102(a) defines "principal office" as "the principal executive office of an association, whether or not the office is located in this Commonwealth." Mot. to Remand at 3. Although the Foreign Registration Form provides that the address may or may not be listed in Pennsylvania, the address listed on a form is, on its own, insufficient evidence to establish a corporation's "nerve center." See Hertz, 559 U.S. at 97.

### 2. Amount in Controversy

The complaint is the starting point for determining the amount in controversy. Samuel-Bassett v. KIA Motors, Inc., 357 F.3d 392, 398 (3d Cir. 2004). The sum claimed by the plaintiff controls if the claim is made in good faith. Frederico, 507 F.3d at 194. Remand is proper only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed in the complaint. Id.

Here, on the face of the Complaint, Plaintiff seeks damages in an amount equal to (1) the mitigated purchase price,[2] (2) incidental and consequential damages, (3) treble damages on ascertainable losses suffered under the UTPCPL, (4) attorney's fees and costs under the UTPCPL, and (5) other relief deemed just and proper by the Court. Compl. at 7.

The UTPCPL permits the court to "in its discretion, award up to three times the actual damages sustained" for a violation of the act. 73 P.S. §§ 201-9.2. This discretion "should not be closely constrained by the common-law requirements associated with the award of punitive damages," but courts "should focus on the presence of intentional or reckless, wrongful conduct." Schwartz v. Rockey, 593 Pa. 536, 557 (2007). Based on Plaintiff's allegations in the Complaint, it is not apparent, to a legal certainty, that Plaintiff would not be awarded treble damages under the UTPCPL. Plaintiff alleges that he purchased the RV from Defendant GRV as a "new" condition vehicle and Defendants represented the vehicle was suitable for long-distance trips across the United States. Compl. ¶¶ 7, 15. After allegedly discovering numerous material defects undisclosed by Defendants, repeatedly returning the vehicle to Defendant GRV for repairs, and receiving assurances from Defendants to repair the problems, the defects persisted. Compl. ¶¶ 9–10. Because Plaintiff claims that Defendants misrepresented the condition of the

---

[2] The mitigated purchase price is approximately $43,463.00 because Plaintiff purchased the Winnebago for $163,463.00 and sold the Winnebago for $120,000. Compl. ¶¶ 6, 16.

Winnebago at the time of sale and failed to cure the defects, causing him monetary losses, Plaintiff adequately plead a claim under the UTPCPL for which a court, in its discretion, may award treble damages.[3]

Trebling the mitigated purchase price would result in an award of $130,089.00 before accounting for attorneys' fees and costs and other relief requested by Plaintiff. Thus, the amount in controversy exceeds the $75,000 jurisdictional minimum.

### 3. Rule of Unanimity

A defendant or defendants seeking removal must file a notice of removal in federal court within 30 days after receipt of service of the plaintiff's complaint. 28 U.S.C. § 1446(a), (b)(1). For cases removed solely under § 1441(a), all defendants properly joined and served must "join in or consent" to the removal of the action. §1446(b)(2)(A). The failure of all defendants to remove constitutes a defect in removal procedures under 28 U.S.C. § 1447(c) unless (1) the non-joining defendant is a nominal party, (2) a defendant has been fraudulently joined, or (3) the non-joining defendant was not served at the time the notice of removal was filed. Balazik v. Cnty. Of Dauphin, 44 F.3d 209, 213, n. 4 (3d Cir. 1995). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

---

[3] In his Motion to Remand, Plaintiff argues that treble damages are merely "speculative" and "discretionary" such that the amount in controversy falls below the jurisdictional minimum. Mot. to Remand at 8–9. This argument fails for two reasons. First, the amount in controversy is measured at the time of removal and the Complaint pleads treble damages. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002). Second, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993). Here, Plaintiff specified no upper limit, requesting treble damages amounting to *at least* $130,089.00.

The Circuit Courts of Appeals have disagreed as to whether the removing defendant may consent to removal on behalf of other defendants,[4] and the Third Circuit has not yet ruled on this issue. Plaintiff and Defendant GRV cite the extensive caselaw dividing the district courts within the Third Circuit on this issue.[5] Although many district courts in the Third Circuit have adopted the rule of the Second, Fifth, and Seventh Circuits, former Judge Schiller recently adopted the practice of the Fourth, Sixth, Eighth, and Ninth Circuits. See McCreesh v. City of Philadelphia, No. 20-3002, 2020 WL 5017609 (E.D. Pa. Aug. 25, 2020). For the following reasons, the undersigned agrees with Judge Schiller that a removing defendant may attest to the consent of other defendants in the removal petition.

Section 1446 requires that "a defendant or defendants" seeking removal shall file a notice of removal signed pursuant to Rule 11 that contains "a short and plain statement of the grounds for removal" with a copy of all process, pleadings, and orders served upon all defendants. 28 U.S.C.

---

[4] The Second, Fifth, and Seventh Circuits have held that each served defendant must consent to removal in writing. See Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994). On the other hand, the Fourth, Sixth, Eighth, and Ninth Circuits have held that the "filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal," is sufficient. Mayo v. Bd. Of Educ., 713 F.3d 735, 742 (4th Cir. 2013); see also Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201–202 (6th Cir. 2004); Griffioen v. Cedar Rapids and Iowa City Ry. Co., 785 F.3d 1182, 1186–1188 (8th Cir. 2015); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).

[5] Historically, many district courts in the Third Circuit have agreed with the Second, Fifth, and Seventh Circuits, holding that all non-removing defendants must "clearly and unambiguously" join in or consent to the removing defendant's notice of removal within the applicable time period. See, e.g., Ogletree v. Barnes, 851 F.Supp. 184 (E.D. Pa. 1994) (Yohn, J.) (explaining that "[w]ithout some sort of indication from each defendant that it either joins in or consents to the removal—perhaps even an informal indication such as a letter to the court—there is nothing on the record to bind that defendant to the removal."); Bricker v. Stryker Co., No. 18-672, 2018 WL 10811035 (E.D. Pa. May 17, 2018) (Sánchez, J.) (holding that "non[-]removing defendants must clearly and unambiguously join in the removing defendant's notice of removal within the applicable time period."). More recently, other district courts have agreed with the Fourth, Sixth, Eighth, and Ninth Circuits, holding that "a defendant's timely removal notice indicating consent on behalf of a co-defendant, signed and certified pursuant to Rule 11, sufficiently establishes the co-defendants' consent to removal." McCreesh v. City of Philadelphia, No. 20-3002, 2020 WL 5017609, at *3 (E.D. Pa. Aug. 25, 2020) (Schiller, J.); see also Simon v. PetSmart Distribution Center, No. 22-3472, 2022 WL 16963249 (E.D. Pa. Nov. 16, 2022) (Smith, J.); Gonzalez v. New Werner Holding Co., No. 21-1549, 2021 WL 4037516, at *2 (E.D. Pa. Sept. 3, 2021) (Gallagher, J.); Avicolli v. BJ's Wholesale Club, Inc., No. 21-1119, 2021 WL 1088249, at *7 (E.D. Pa. Mar. 22, 2021) (Kearney, J.).

9

§ 1446(a).  While Section 1446(a) contemplates that one or more defendants may remove a case by filing a notice of removal, <u>Delalla v. Hanover Ins.</u>, 660 F.3d 180, 186 (3d Cir. 2011), the removal statute also permits a defendant to remove an action simply by joining in or consenting to a co-defendant's notice of removal.  <u>See</u> 28 U.S.C. § 1446(b)(2)(A); <u>Delalla</u>, 660 F.3d at 188 ("That a defendant has chosen not to file a notice does not mean that the defendant has chosen to not join in another notice of removal.").  Thus, Section 1446 provides all defendants "two bites at the removal apple": each defendant may either file a separate notice of removal or "join in or consent" to a co-defendant's notice of removal.  <u>Id.</u>

Unlike the specific procedural requirements of Section 1446(a) and (b)(1) for defendants filing a notice of removal, Section 1446(b)(2)(A) does not specify what form a defendant's consent to removal must take.  The undersigned adopts the analysis of former Judge Schiller in <u>McCreesh</u>, that if Congress had intended to require defendants consenting to removal to file their express written consent with the Court, it would have done so.  2020 WL 5017609 at *2–3.  In the absence of Congressional intent to the contrary, a notice of removal which states that all defendants have consented to removal is a proper form of satisfying the rule of unanimity.

Further, Section 1446(a) sufficiently safeguards all defendants' right to make an independent decision regarding removal.  <u>See Delalla</u>, 660 F.3d at 188 (recognizing that Section 1446 creates a "right to removal" for defendants that may or may not be exercised).  Section 1446(a)'s requirement that the removal petition be signed pursuant to Rule 11 ensures that a removing defendant's assertion that all defendants have consented to removal has evidentiary support.  Fed. R. Civ. P. 11(b)(3).  Thus, read in light of Section 1446(a), Section 1446(b)(2)(A) has a procedural safeguard allowing Courts to remand the action, and possibly impose Rule 11 sanctions, should a removing defendant wrongfully misrepresent unanimous consent.

Accordingly, the Court finds that rule of unanimity is satisfied in this case.  On April 1, Defendant GRV filed a Notice of Removal in this Court, stating that "Winnebago Industries consents to the removal of this action."  Notice of Removal at 2.  On April 29, Defendant GRV attached a screenshot of an email sent on March 23 from Defendant Winnebago's counsel to Defendant GRV's counsel that "[Defendant] Winnebago is fine with removal."  See Def.'s Opp. to Mot. to Remand, Ex. A, "Email."  Because the Notice of Removal stated that Defendant Winnebago consented to the removal and was signed pursuant to Section 1446 and Rule 11, and Defendant Winnebago had indeed consented to removal, the requirements of 28 U.S.C. § 1446(b)(2)(A) were met here.

## IV.     MOTION TO TRANSFER

### A.  Legal Standard

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented."  28 U.S.C. § 1404(a).  As such, Section 1404(a) permits transfer to "any other district to which the parties have agreed by contract or stipulation" and provides "a mechanism for enforcement of forum selection clauses that point to a particular federal district."  Atlantic Marine Const. Co. v. United States Dist. Court for Western Dist. Of Texas, 571 U.S. 49, 59 (2013).  A forum selection clause must be "given controlling weight in all but the most exceptional cases."  Id. at 60 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  Accordingly, a forum selection clause alters the transfer analysis in three ways: (1) the plaintiff's choice of forum bears no weight; (2) the court may only consider the public interest factors as the

court must deem the private interest factors to weigh in favor of the pre-selected forum; and (3) the transfer does not carry the original venue's choice-of-law.  Id. at 63–65.

### B.  Parties' Contentions

Plaintiff and Defendant GRV dispute the validity and enforceability of the forum selection clause in the Purchase Agreement.   Plaintiff argues that because the Purchase Agreement constituted a contract of adhesion and because Pennsylvania courts "distinguish between commercial agreements and consumer transactions, particularly where there is a significant disparity in bargaining power," Atlantic Marine does not control the instant case or support the enforceability of the forum selection clause.  Pl.'s Opp. to Mot. to Transfer at 4.  Defendant GRV argues that the forum selection clause is prima facie valid and enforceable unless the Plaintiff shows the clause is unreasonable.  Mot. to Transfer at 12–15.

Plaintiff and Defendant also dispute the weighing of the Jumara factors.  Plaintiff argues that the Court must consider the private and public interest factors, and Plaintiff contends that the private and public interest factors weigh against transfer.  Pl.'s Opp. to Mot. to Transfer at 5–9. Defendant GRV argues that the private interest factors weigh entirely in favor of the preselected forum because the forum selection clause is valid and enforceable, and Defendant GRV contends that the public interest factors weigh in favor of transfer.  Mot. to Transfer at 15–17.

### C.  Discussion

#### 1.  Validity and Enforceability of the Forum Selection Clause

Forum selection clauses are governed by federal law irrespective of Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Because forum selection clauses are part of parties' freely negotiated agreements over which they form legitimate expectations, forum selection clauses are prima facie valid and enforceable

unless the opposing party makes a strong showing that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12–15 (1972).  The Third Circuit has interpreted Bremen as holding that "a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983).

In the instant case, Plaintiff has failed to establish any of the Coastal Steel exceptions for which the undersigned must find the forum selection clause is invalid or unenforceable.  First, the Plaintiff neither alleged nor presented any evidence of fraud.  Second, the Plaintiff failed to show that enforcing the forum selection clause would violate a strong public policy of the Commonwealth of Pennsylvania.  Although the Plaintiff recognized that Pennsylvania enacted the UTPCPL in recognition of "the unequal bargaining power of opposing forces in the marketplace," Com., by Creamer v. Monumental Properties, Inc., 459 Pa. 450 (1974), Plaintiff offered no support for the proposition that the UTPCPL bars the enforcement of forum selection clauses.  Finally, considering the citizenship of the Plaintiff and Defendants, litigating the present action in Michigan would not be so seriously inconvenient as to be unreasonable.  Accordingly, the Court finds that the forum selection clause is valid and enforceable.

### 2.  Jumara Factors

Because the Purchase Agreement contained a valid and enforceable forum selection clause, the private interest factors weigh entirely in favor of the pre-selected forum, and the Court may

only consider arguments regarding the public interest factors.  Atlantic Marine, 571 U.S. at 64. Further, as the party acting in violation of the forum selection clause, Plaintiff bears the burden of showing that the public-interest factors overwhelmingly disfavor transfer.  Id. at 67.  The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that render the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Jumara, 55 F.3d at 879–880 (3d Cir. 1995).

In the instant case, the first factor is neutral because this Court and the Eastern District of Michigan enjoy equal power to enforce a judgment against Defendants.  The second factor weighs marginally against transfer because the Plaintiff resides in Pennsylvania and the transactions underlying the Complaint occurred here.  However, Defendants' principal places of business are located in Michigan and Iowa, and the RV was assembled in Iowa.  The third factor is neutral because court congestion is not an issue.  The fourth factor weighs marginally against transfer as the events underlying the Complaint occurred in Pennsylvania and Pennsylvania has an interest in protecting its consumers.  However, Michigan also has an interest in regulating the conduct of its corporations.  The fifth factor is neutral because Pennsylvania and Michigan alike enforce consumer protection law, see, e.g., Michigan Consumer Protection Act, MCL 445.901, *et seq.*  The sixth factor weighs in favor of transfer because federal judges in Michigan have greater familiarity with applying Michigan law, and the Purchase Agreement contains a choice of law provision for Michigan state law.

Because the private interest factors favor the parties' pre-selected forum and the public interest factors do not overwhelmingly disfavor transfer, the Court finds that transfer is appropriate.

14

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and

**GRANTS** Defendant GRV's Motion to Transfer. This action is **TRANSFERED** to the United

States District Court for the Eastern District of Michigan, Southern Division.  An appropriate

**ORDER** follows.


\\adu.dcn\paed\phl-data\judge_baylson\civil 26\26-2142 seiple v. winnebago\26-2142 memo re mot. to remand and mot. to transfer.docx